

**FBT Gibbons**

Anne E. Duprey
PARTNER
P: +1 614.559.7203
F: +1 614.464.1737
ADUPREY@FBTGIBBONS.COM

May 7, 2026

**VIA EMAIL ONLY**

Rex H. Elliott, Esq.
Barton R. Keyes, Esq.
Abigail F. Chin, Esq.
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
rexe@cooperelliott.com
bartk@cooperelliott.com
abbyc@cooperelliott.com

**Re:    Demand for Return of Company Property**

Dear Counsel:

We write to address several urgent issues concerning OH.io ("Company") property and confidential information that we understand your clients Jeff Schumann, Kevin Colón, and J. Seth Metcalf have improperly retained, accessed, or are continuing to use following the termination of their respective employments. Your clients and your office must immediately stop any review, access, copying, dissemination, or use of such materials, which should be preserved in their original form and returned to the Company through our office.

During their employment, Messrs. Schumann, Colón, and Metcalf were each issued a Plaud AI recording device. These devices were purchased by OH.io, are OH.io property, and were issued solely for use in connection with your clients' employment with the Company. It goes without saying that after an employee is terminated, the employer is entitled to the return of any of its property, data, and/or information in the employee's possession. *See Norton v. Pam Popper*, 1990 WL 83985, *5 (10th Dist. June 19, 1990) (finding employee converted the employer's property where the employee erased computer disks and took computer and personal files).

We understand that Mr. Metcalf has returned his Plaud device, but Messrs. Schumann and Colón have not. Your clients are no longer employed by OH.io and have no right to retain these devices, nor to any information and/or data they may have been used to record. We demand that Messrs. Schumann and Colón immediately return their Plaud devices to OH.io. Please contact the undersigned to coordinate the logistics of the return of these devices.


**EXHIBIT A**

In addition to the Plaud devices, we also have reason to believe that your clients may have retained additional OH.io property, including, without limitation, laptops, Mac minis, peripherals, mobile devices, storage media, access cards, and any other tangible equipment purchased by or issued through OH.io. We likewise demand the immediate return of all such property in your clients' possession, custody, or control. To the extent your clients are uncertain whether a particular item is OH.io property, please let us know and we will advise accordingly.

As you stated on our phone call, you and/or your clients are in possession of, and may be actively reviewing, audio recordings and transcripts that were captured and/or created during the course of their employment, whether through their Plaud devices, the Granola transcription tool, internal Zoom or video conferences, or other means. We understood you to say that such recordings have been used to memorialize internal Company meetings, including communications with OH.io's board, management, employees, investors, and owner, and otherwise record OH.io's confidential and proprietary information, trade secrets, and communications that may also be protected by the attorney-client privilege and the attorney work-product doctrine. Neither your clients nor their attorneys have any right to review, copy, transmit, share, retain, or otherwise use such recordings, transcripts, or any other Company confidential information or property for any purpose, including in connection with the ongoing litigation. Your clients and your office must therefore immediately stop any review, access, copying, dissemination, or use of such materials created during the course of their employment. All such materials must be preserved in their original form and returned to the Company through our office. To the extent that any such recordings, transcripts, or confidential materials have been transmitted to or shared with any third party/ies (including any expert(s), consultant(s), and/or vendor(s)), we require a prompt accounting of all such distribution and immediate steps to secure and facilitate the return of all such materials.

Your clients' authorization to access OH.io's applications, systems, accounts, and data ended upon their separation from the Company. They are not permitted to access any OH.io application, system, account, file, or data, including, without limitation, Google Workspace, Slack, Iru, RAMP, Granola, Argus/Atlas, the Company's Anthropic/Claude enterprise account, and/or any other OH.io-licensed software, cloud service, or data repository. They must immediately cease any such access, if it is ongoing. Please also confirm whether your clients have accessed, attempted to access, downloaded from, exported from, copied from, forwarded from, or otherwise used any OH.io application, system, account, or data following their separation. To the extent your clients have downloaded, exported, copied, forwarded, or otherwise removed any OH.io files, documents, and/or data, those materials must be preserved in their current form, and we require an accounting and immediate return of such Company property through our office. Any access to Company systems by your clients will be treated as unauthorized.

OH.io expressly reserves all rights, remedies, claims, and defenses arising from your clients' retention, access, review, dissemination, or use of Company property and information, including the right to seek injunctive relief, sanctions, costs, attorneys' fees, forensic relief, and all other available remedies. Nothing in this letter should be understood as a waiver of any such rights, all of which are expressly preserved. We further remind you and your clients of their continuing obligations to preserve all potentially relevant documents, communications, recordings, and electronically stored information.

Please confirm in writing, no later than **4:00pm EST** on **May 8, 2026**, that your clients and your office (i) will return all OH.io property, including the Plaud devices, any other physical property owned by OH.io, and any and all recordings, transcripts, and other confidential Company materials (including the recordings discussed during our call), through our office; (ii) will immediately cease and have ceased any retention, review, and/or use of OH.io recordings, transcripts, confidential information, and other Company property; and (iii) will confirm whether your clients or third-parties have accessed, attempted to access, or used any OH.io applications, systems, accounts, files, or data following their separation, and that any such access has stopped.

Thank you for your prompt attention to this matter.

Sincerely,

Anne E. Duprey

cc:     Client (via email)

0164635.0823882   4911-2225-9625v3