

305 West Nationwide Boulevard
Columbus, Ohio 43215
Tel: 614.481.6000
Fax: 614.481.6001
www.cooperelliott.com

Writer's Email:
bartk@cooperelliott.com

May 8, 2026

**BY EMAIL TRANSMISSION**
(aduprey@fbtgibbons.com)

Anne Duprey, Esq.
10 West Broad Street, Suite 2300
Columbus, Ohio 43215

> Re: ***Schumann et al. v. Timashev et al.***
> **Franklin County C.P. No. 26 CV 3517**

Dear Anne:

This confirms our receipt of your letter emailed at 7:30 PM yesterday requesting a response by 4:00 PM today. Your letter 1) requests return of any OH.io tangible property not already returned by our clients; 2) tells us and our clients not to review recordings or transcripts of conversations in which they participated; 3) asks our clients to stop accessing the OH.io accounts and systems that they have not had access to since their termination; and 4) demands preservation and return of any OH.io records and data. This letter addresses each point in turn.

### 1. Tangible Property

On our call earlier this week, we discussed the return of any remaining OH.io tangible property but still need instructions on how OH.io prefers our clients to do so. Please confirm the address to return any tangible items and to whose attention.

Mr. Schumann has two remaining items he is aware of: a Jabra conference speaker and a Plaud Notepin S device. Regarding the Plaud, Mr. Schumann had provided his personally purchased Plaud device (a more expensive version) to Colin Page McGinnis at OH.io. If OH.io prefers, it may keep the more expensive version and Mr. Schumann can keep the Notepin S. Or, OH.io can return Mr. Schumann's personal device and he can return the Notepin S. Please let us know the company's preference. If the company would like to exchange the Plaud devices, it can send Mr. Schumann's to him at 797 N Wall St, #600, Columbus, OH 43215.

Mr. Colón has one remaining item he is aware of, an unopened Plaud device that he will send once you provide instructions.

As you noted, Mr. Metcalf has already returned all OH.io property he is aware of.



Anne Duprey, Esq.
May 8, 2026
Page 2

## 2. Reviewing Recordings/Transcripts

As we have discussed, our clients possess recordings and transcripts of numerous conversations. Our clients were parties to any recordings or transcripts of any conversations that any of them may have. Their reviewing these recordings or transcripts and sharing them with their counsel is not materially different than a person telling their counsel about a conversation they remember or a person reviewing their notes of a conversation or sharing them with counsel. We will preserve and provide copies of these materials as we stated on our call, but we decline your new request not to review them.

## 3. Accounts and Systems

All of our clients' access to OH.io accounts and systems were through OH.io's single sign-on. To our clients' knowledge, that access was disabled when OH.io terminated our clients or within a few days after. Thus, to their knowledge, they have no ongoing access.

## 4. Records and Data

Our clients have preserved all OH.io records and data that they possessed. We will provide copies but will not destroy them, as this would violate their and our litigation preservation obligations. If your clients are concerned about the records, we are willing to enter into a stipulated protective order governing confidentiality.

Very truly yours,

Barton R. Keyes

cc:     Abby Chin, Esq.; Rex Elliott, Esq.; Zackary L. Stillings, Esq.; Aaron T. Brogdon, Esq.;
        Jonathan S. Sack, Esq.; Queenie Paniagua, Esq.