**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OH.io Ventures Holding, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:26-cv-00566 |
| | : | |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| | : | Magistrate Judge Vascura |
| | : | |
| J. Seth Metcalf, et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE *INSTANTER* PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PRIVILEGE LOG AND MOTION TO DECLARE
THE ATTORNEY CLIENT PRIVILEGE WAIVED UNDER SEAL AND MOTION FOR
LEAVE TO FILE PLAINTIFF'S REPLY IN SUPPORT UNDER SEAL**

Plaintiff OH.io Ventures Holding, Inc. ("OH.io" or the "Company"), through counsel, respectfully moves the Court for leave to file *instanter* its Objections To Defendants' Privilege Log and Motion to Declare the Attorney Client Privilege Waived under seal including all accompanying exhibits, as well as for leave to file its Reply in Support of its Objections To Defendants' Privilege Log and Motion to Declare the Attorney Client Privilege Waived under seal including all accompanying exhibits (collectively the "Filings"). OH.io submits that filing under seal is appropriate under the local rules and applicable authorities, including *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016).  The Filings and accompanying exhibits contain documents and information which is currently subject to dispute as to whether the attorney client privilege has been waived. Although Plaintiff views such documents as not protected by any attorney client privilege, the issue of the scope of such waiver is before the Court

1

and the public filing of this information would not be appropriate until this Court makes a ruling

that the attorney client privilege has been waived.[1]

A memorandum in support of this Motion is attached hereto for the Court's review.

Respectfully submitted,

*/s/ Anne E. Duprey*
Anne E. Duprey (0087798) – Trial Attorney
Aaron T. Brogdon (0081858)
Zackary L. Stillings (0098136)
FBT GIBBONS LLP
10 West Broad Street, Suite 2300
Columbus, OH  43215-3467
Ph.: (614) 559-7245; Fax: (614) 464-1737
E-mail: aduprey@fbtgibbons.com
E-mail: abrogdon@fbtgibbons.com
E-mail: zstillings@fbtgibbons.com

Jonathan Sack (Pro Hac Vice)
Queenie Paniagua (Pro Hac Vice)
Sasha Pemberton (Pro Hac Vice)
SACK & SACK, LLP
70 East 55th St., 10th Floor
New York, NY 10022
Ph.: 212-702-9000; Fax: 212-702-9702
E-mail: jsack@sackandsack.com
E-mail: qpaniagua@sackandsack.com
E-mail: spemberton@sackandsack.com
*Counsel for Plaintiff OH.io Ventures Holding, Inc.*

---

[1] Some of the exhibits, specifically Exhibit 1 and Exhibit 4, have been previously approved for filing under seal on the basis that they contain confidential and trade secret information. Those same documents are now sought for approval to be filed under seal in relation to these Filings for the sole purpose that they contain disputed attorney client privilege information. Thus, any confidential or trade secret information has been redacted.

2

**MEMORANDUM IN SUPPORT**

## I. Statement of Pertinent Facts

### A. The Confidential Nature of the Filings and Exhibits.

On May 26, 2026, Plaintiff brought the issue of Defendants' waiver of attorney-client privilege to the Court's attention. The Court held a status conference on Friday, May 29, during which the Court ordered Plaintiff to file objections and a brief on the issue of waiver by Monday, June 1.  [ECF #19]. As part of its Objections to Defendants' Privilege Log and Motion to Declare the Attorney Client Privilege Waived, Plaintiffs necessarily were required to reference specific of the documents which Defendants contend are privileged in order to paint for this Court a clear image of the nature and scope of Defendants' waiver. Not only did Plaintiffs need to reference specific documents and contents, several of those documents were attached as exhibits.

On Monday, June 1, after consulting with the Court's staff attorney as to the manner of filing such communications, Plaintiff publicly filed a redacted brief (redacting disputed privileged communications) and exhibits containing no disputed privileged information and separately submitted the unredacted brief and all exhibits to the Court's chambers and opposing counsel. [ECF #23].  Plaintiff must also file its Reply brief in support of its Objections to Defendants' Privilege Log and Motion to Declare the Attorney Client Privilege Waived by June 12, 2026.  The reply brief and exhibits referenced therein also contain disputed attorney-client privileged communications.

The brief and exhibits at issue include, but are not limited to, the following categories of documents:

| Category | Description | Applicable Protection | Basis for Sealing |
|---|---|---|---|
| A | Transcripts and excerpts from transcripts of recordings saved on the Company server between Defendants and attorneys. | Defendants may argue Attorney-Client Privilege; Subject of Current Waiver Motion | Disclosure prior to resolution of Attorney-Client Privilege Waiver Motion could be in derogation of Court's ultimate conclusion if alleged attorney-client communication is not deemed to have been waived. |

The disclosure of these documents prior to a resolution by this Court of whether the attorney client privilege over such documents has been waived and the scope of any waiver could be in derogation of the Court's ultimate conclusion on this Motion. Thus, though Plaintiff's dispute that such documents are entitled to any attorney-client privilege, in deference to the Court and the privilege claimed by opposing counsel, Plaintiff's request that the Filings and accompanying exhibits be filed under seal pending the outcome of Plaintiff's Objections to Defendants' Privilege Log and Motion to Declare the Attorney Client Privilege Waived.

## II.     Law and Argument

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) is the leading case regarding when a District Court may allow parties to file documents under seal. Pursuant to *Shane*, only "compelling reasons" justify filing documents under seal. *Id.* at 305. This is particularly true when there are minimal public interests in viewing the documents to be submitted by the parties. *Id*. Examples of such "compelling reasons" include that the documents contain: (1) "confidential patient-health information"; (2) "trade secrets"; and (3) "information covered by a recognized privilege (such as the attorney-client privilege)." *Id.* at 307-08. The obvious need to seal such documents "is typically enough to overcome the presumption of access."

4

*Id.* at 308.  The Sixth Circuit also confirmed that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Id.*

The Filings and exhibits that OH.io seeks to file under seal fall squarely within this list of "compelling reasons" to permit filing under seal. Specifically, the Filings and exhibits contain information that – although Plaintiff asserts it has been waived – was once covered by the attorney client privilege. Particularly, they contain transcripts of recorded conversations Defendants had either directly with their counsel, together discussing their counsel's advice, with third parties discussing the matter, and AI generated outputs summarizing and analyzing those communications.

Moreover, the Filings quote from those same exhibits in order to demonstrate both the nature of the communications and documents found on Company servers, as well as the scope of the waiver of any privilege in those Company documents and the ones identified on Defendants' Privilege Log. Because these documents contain information that, absent Defendants' waiver, may be covered by the attorney-client privilege, "compelling reasons" exists justifying the filing of the documents under seal, as expressly recognized by *Shane*. *Id.* at 307-08.

There is no compelling reason for the public to have access to these documents.  The issues in this case involve a private dispute between OH.io and its former executives regarding the misappropriation of Company trade secrets and confidential information, as well as the current sub-issue of whether Defendants waived their attorney client privilege and the scope of the waiver. The Court's decision on the Filings will not impact individuals or entities other than the parties to this action.  *See Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836–37 (6th Cir. 2017) ("[T]he burden on the party seeking non-disclosure is diminished where there is minimal public interest in learning the non-disclosed information.").

## III.    Conclusion

For the reasons set forth herein, OH.io respectfully seeks leave to file instanter its Objections To Defendants' Privilege Log And Motion To Declare The Attorney Client Privilege Waived under seal including all accompanying exhibits, as well as for leave to file its Reply in Support of its Objections To Defendants' Privilege Log And Motion To Declare The Attorney Client Privilege Waived under seal including all accompanying exhibits.

Respectfully submitted,

*/s/ Anne E. Duprey*
Anne E. Duprey (0087798) – Trial Attorney
Aaron T. Brogdon (0081858)
Zackary L. Stillings (0098136)
FBT GIBBONS LLP
10 West Broad Street, Suite 2300
Columbus, OH  43215-3467
Ph.: (614) 559-7245; Fax: (614) 464-1737
E-mail: aduprey@fbtgibbons.com
E-mail: abrogdon@fbtgibbons.com
E-mail: zstillings@fbtgibbons.com

Jonathan Sack (Pro Hac Vice)
Queenie Paniagua (Pro Hac Vice)
Sasha Pemberton (Pro Hac Vice)
SACK & SACK, LLP
70 East 55th St., 10th Floor
New York, NY 10022
Ph.: 212-702-9000; Fax: 212-702-9702
E-mail: jsack@sackandsack.com
E-mail: qpaniagua@sackandsack.com
E-mail: spemberton@sackandsack.com
*Counsel for Plaintiff OH.io Ventures Holding, Inc.*

6

## CERTIFICATE OF SERVICE

On this 12th day of June 2026, a true and accurate copy of the foregoing was filed with the

Court and served via ECF on all counsel of record.


*/s/ Anne E. Duprey*
Anne E. Duprey (0087798)


0164635.0823882   4897-1032-3636v1